I'd like to start by thanking everybody here that's not getting paid yeah I'm serious it's it hasn't been easy and that I'm talking to government and to all the folks that work so hard here in the in the courts so we'll call our first case 24 990 24 3198 Michelin and a boy versus the warden at the Moshannon Valley Processing Center. Mr. McArthur. Good morning Mr. McArthur. Good morning Judge Estreff. It's afternoon by the way. He's getting paid Judy. May it please the court Joseph McArthur on behalf of the government I'd like to reserve three minutes for rebuttal please. Sure. Your honors there are two cases on appeal today and two issues the first issue is sovereign immunity and that's only or that's on appeal in both cases. The second issue is substantial justification and that's only on appeal in Mr. Abiyoye's case. So I'll start with the sovereign immunity issue that's on an issue in both cases. The problem is when you start you look at you know we get these every year and habeas is in the civil section so isn't the best you could argue that maybe it's a hybrid that it involves you know starting in England you're convicted on a criminal trial and you say to the Lord Chancellor it wasn't fair would you take this case under advisement and see if I was treated fairly the Lord Chancellor if he agrees that there might be something there would issue the you know from the Latin word have very habeas bring the body to me we'll take a look at it but isn't that the most you can argue well your honor even if we were arguing that it's just a hybrid proceeding that's enough to create ambiguity and why any any it means any nothing if you say it's a hybrid proceeding that means yeah it's civil it's also criminal it's got a little bit of both but they specifically excluded torts so they knew how to exclude something from any so you're asking us to take the word any and transfer it into the word some that's what you want us to do you want us to strike any from the statute and insert some as a replacement if it was some then the fact that it was a hybrid you could argue look it's not really simple it's a hybrid but any is any well just me key I should add one textualist now to quote Justice Kagan so I know there times when textualism doesn't help the government and they're no longer textualist but let's assume that we're textualist we have to be guided by the to the statute a means any well just me key while the word any does precede the phrase civil action any does not reach habeas if it's not a civil action in the first place that's what the inquiry today is does it fall within the phrase civil action if it does then of course any would reach what is it what is it if it's not a civil action it's nice you agree it's not criminal we agree it's not criminal your honor but while the the Supreme Court has stated that while the civil label has been applied to habeas like the court has applied that level the Supreme Court consistently since I think 1878 has applied that label civil the habeas proceedings judge McKee the Supreme Court has applied the civil label to habeas to distinguish it from criminal proceedings but the Supreme Court in Harris versus Nelson stated that the civil label as applied to habeas it's gross and inexact it exceedingly simplifies habeas is complex history and so it's a unique proceeding and following Harris's guidance whenever the Supreme Court has dressed addressed important differences between habeas proceedings and civil proceedings it has held that habeas is not a civil action under whichever the statute was that it was issue in those cases the Supreme Court this court did reach that the conclusion in the PLRA and Santana which I believe you were on the panel of judge McKee and the the reason this court held so in PLRA context is because this court agreed with its sister circuits that habeas is a hybrid proceeding that's neither wholly criminal wholly civil nor criminal and so it's a class unto its own I'm not quite sure that was the reason that we held that there was a concern about expanding legal representation and affording access to the court which if we applied that same concern here and I don't think we can because of the statutory interpretation and we tell it gives away and even justice Alito and then then now justicially Oh judge Leo then agreed and there was important to expand access to counsel interpreting the PLRA well your honor what the government uses Santana for is to say that this court agreed that habeas is a hybrid proceeding and so when you apply that same reasoning in the equal access access to Justice Act context it aligns this court with every other Court of Appeal that has answered the question is habeas a civil action under the EJ all of those courts dealt with criminal detention but then the fourth and the fifth circuits recently also reached the same conclusion that habeas is a hybrid proceeding that's unique it's not a civil action to the EJ the fourth and fifth circuits reached that same conclusion even when the underlying petition the underlying detention being challenged was immigration and so the the reasoning from Santana that habeas is a hybrid proceeding when you apply that to the Egypt context it aligns this court with other circuits what what what is a hybrid proceeding what do you mean by hybrid proceeding when I refer to the Supreme Court when it has been confronted with important differences between habeas and civil proceedings it's held that habeas is not a civil action so a few examples what does hybrid refer to what do you mean by hybrid that it's a class of its own that that well what other courts have reasoned is that because the habeas statutes focus so heavily on criminal detention that they take on that the habeas statutes are sort of take on up the are influenced by that focus on criminal which makes it not a wholly civil proceeding so I would say not a wholly civil proceeding is what hybrid agree that habeas is a civil proceeding even though the underlying detention is pursuant to a criminal conviction it has been labeled as civil throughout history but but Harris's guidance tells us that the label is not enough to resolve the ambiguity of whether habeas is a civil action under the Egypt you have to look context by context and courts of appeal are in agreement I'll get to the circuit split when there's immigration detention at issue but whenever there's been criminal detention the courts of appeals that have addressed the issue of all hell that it's this hybrids proceeding and so not why don't you get to this circuit split that because we're in our world here this is the immigration detention not a criminal detention correct correct so addressing the circuit split and I will just sort of make a big picture observation is that appellate judges around the country who are experts in the law are disagreeing about what exactly civil action means in the ages so I think that alone suggests that we may be dealing with an ambiguous phrase but to get into the details of the circuit split the fourth and the fifth circuits have held that even when a habeas petitioner is challenging immigration petition immigration detention which is a civil proceeding that that does not necessarily it's not it doesn't matter what the underlying detention is the same reasoning that habeas is a civil or is that it is a hybrid proceeding and not a civil action to the aegis that same reasoning follows when the challenge is immigration detention didn't know circuits mean heavily on opinions that dealt with criminal cases well not the the recent of on the subora and Barco versus with decisions they took those courts had prior precedents that held that in the criminal challenging criminal detention that that was not a civil action to the agent but the recent decisions also reach the same conclusion everything except so they are specifically excluded doesn't say doesn't say habeas when I when I said car but what I was describing is that the Second Circuit in Bakio it had to distinguish its prior case in Bowden which held that habeas proceedings are unique hybrid proceedings that are not actions under the aegis and the way the Second Circuit distinguished it is it said well if the petitioner is challenging immigration detention well that all of a sudden becomes a civil action that's unambiguous in the statutory text and the reason why that decision is flawed is because the Second Circuit actually found that it was ambiguous even when challenging an immigration detention it was ambiguous whether it was a civil action under the but then instead of resolving that ambiguity in favor of the government as the clear statement rule required the court to do it then looked to legislative history and policy policy considerations to resolve the ambiguity which the clear statement rule under the United States versus our under FAA versus Cooper and the Kurtz case you're not courts are not allowed to look at legislative history to resolve an ambiguity in the text in the sovereign immunity context what the Ninth Circuit in Hill the Ninth Circuit in Hill is is a readily distinguishable case that court also looked at legislative history to interpret the phrase civil action it didn't even discuss the need to to narrowly construe ambiguous terms when dealing with waivers of sovereign immunity so we're not I'm not sure if they even applied the correct clear statement rule standard and if they looked at purpose over text but we're starting where just everybody tells us to start today and that is text any civil action why why is any limited other than with respect to the specific exception for torts well any is limited because we've been hyper literal hyper literal I'm not sure if that's the way I would describe a judge Ambrose but if habeas petitions in the immigration context are not civil actions to begin with well the phrase any does not modify that does that puts the rabbit in the hat what is it that justifies the first part of that statement if they are not civil action to begin with when we I think you're agreeing historically on the Supreme Court on down they've been looked at as a species if you will of several actions that I can say the hybrid and I won't disagree with that but to me a hybrid just means that a particular species of civil actions which Congress had to be aware of given all of the legislation Congress has given us in the habeas area from ed plan and others they knew that habeas was out there they could really easily have carved out habeas the way they carved out torts and they didn't do that they just said any except for torts well judge Amber judge McKee getting to the so-called tort exception well if habeas was not a civil action in the first place and there would be no need for Congress to create a carve-out like it did for torts well what would Congress have in mind to lead it to conclude that habeas would not be considered a civil action by courts looking at that statute what would move them to that point well Congress would have in mind Harris and the Schleier courts holding where discussed that the civil label is not enough in every statutory context to scoop up habeas it's gonna be aware of the fact that courts have given a civil label to habeas which would be all the more reason for them to say look guys let's exclude habeas because we don't want to include we don't have much to have this statute included interpreted to include habeas and it's out there so let's make sure we exclude it that that cuts against you well judge McKee it's it's plausible to to read the phrase civil action as Congress was aware of a hybrid nature of habeas proceedings that the label is gross and inexact and and its familiarity with the habeas statutes themselves to to not intend for civil action to include habeas when you look at the the various habeas statutes they're very focused on the underlying criminal proceedings and I know this is this case is in the immigration context but when you look at the precise statute immigration detainees used to challenge their detention 2241 c3 it's addressed towards prisoners and that that statute is normally used to challenge the execution of a criminal sentence and so just because this is immigration detention the hybrid vehicle is what we're looking at and just because immigration detainees use a hybrid vehicle to challenge their detention it does not mean that the vehicle all of a sudden becomes a civil action when courts of appeal are in agreement that whenever there's been a criminal detention that it is not a civil action under the aegis and it also wouldn't make sense but there is that there is a distinction then from from your perspective between immigration detention and criminal detention in the habeas context well no the government as far as we the government disagrees with the back view of court and the recent decision from the 10th Circuit and Bailey that have created this distinction based on the other line detention what I'm saying is that the course of appeals that have held that the hybrid nature of renders it not a civil action when the criminal detention is being challenged that that also extends to immigration detention because it's the statute itself that's hybrid it doesn't matter what type of detainee is using that statute to challenge the detention if habeas is not a civil action to the Egypt when dealing with criminal detention it also is not when dealing with immigration detention because the statute itself does not bifurcate itself based on the underlying detention types again the vacuo court created this distinction not from the text of the aegis not from the text of any of the habeas statutes it created it by looking to legislative history and the policy considerations it gleaned legislative history which it could not have done again the vacuo court itself admitted that it was ambiguous to that court whether habeas petitions challenging immigration detention or civil actions under the aegis which should have resulted in a finding in favor of the government preserving immunity but with the reverse or the inverse of what he's saying you're arguing that if the underlying detention is criminal that that doesn't necessarily make habeas proceedings criminal that they still in this hybrid category what if we would disagree with your argument that the fact that it may be hybrid takes out of the language any and we would include that it is a civil proceeding versus a visa would that then given your argument would that then mean that also habeas proceedings brought to challenge a criminal detention would also be so I'm sorry can you just repeat that one more follows from your argument if we disagree with your argument doesn't it then follow that habeas petitions brought to challenge criminal confinement would be civil if you would disagree with my argument that habeas is a hybrid proceeding then yes now there's a hybrid proceeding but whether or not the fact that it's a hybrid proceeding this qualifies it from being considered a civil proceeding for purposes of a statute saying any civil proceeding if I your question correctly judgment key if if you if the court disagrees and says that habeas is not a hybrid proceeding that it's a purely civil action well then yes that would reach criminal and immigration habeas but no court has no court of appeal that's ever addressed a habeas petition in the criminal context has held that and I think this court is bound by its finding in Santana that habeas is a unique hybrid proceeding and so when you apply that finding in the context it aligns this court with the rest of the circuits that have examined the issue it aligns this court where EG is not a civil action under the Egypt because of its hybrid sorry habeas is not a civil action under the Egypt because of its hybrid nature can we go to the second issue yes your chamber I did want to briefly touch on the purpose of the agent how that plays in if the any questions about that go ahead go ahead thank you to the extent that this court I see my time no no go ahead it's right though it never works but I love I love to try to say you're on our time well I appreciate the course indulgence I did just want to briefly point out to the extent that the court considers the purpose stated purpose of the agent not anything from legislative history but the purpose stated in 202 C of the public law to the extent it considers that to help answer the question of what civil action is that purpose actually cuts in favor of the government for a few reasons first is because detainees whether in criminal or immigration detention they already have a custodial incentive to challenge their detention they didn't need the EG and the promise of attorneys fees to motivate them to challenge that may not give you get a lawyer if I can challenge something doesn't mean they're going to get a get paid yes but the the question is whether reading the the Egypt to exclude habeas would that frustrate the stated purpose and the government with the government's reading frustrated say to purpose it would not because again the detainees already have a custodial incentive EG wasn't designed to motivate people to file habeas petitions as the Second Circuit in Bowdoin observed habeas first long before EG was proposed and and secondly there aren't significant obstacles to filing habeas petitions that the EG occurs the filing fee is only $5 so there's not a financial obstacle for petitioners to file habeas petitions and the fact that they don't have a lawyer this is not easy legal terrain this habeas world well Judge Restrepo pro se petitioners they file habeas petitions all the time and district courts understand habeas and how to adjudicate these cases in a way that protects the the petitioners rights even when how many of them are successful a rough idea I mean pro se habeas petitions as opposed to counseled habeas petitions are successful well Judge McKee I know that plaintiffs cited a law review article that said that habeas petitioners that immigration are challenging immigration detention that representative seven times more likely to succeed I would say that those stats aren't really reliable because this court evaluates habeas petition on a case-by-case basis we don't know whether the the people who are unsuccessful filed within 10 days of being confined where it would not have been unreasonable or whether it was you know a year or two years so there's just too much case-by-case dependency on the facts to really put a lot of weight into those statistics and then the final point I'll just make about purpose is that each it wasn't designed to be an access to counsel or an indigent a statute addressing the issue of indigency for habeas petitioners the Criminal Justice Act already allows it gives district courts discretion on whether to appoint court appointed counsel to habeas petitioners regardless of the type of detention they're challenging and the habeas allows people with networks of up to two million often do courts appoint counsel under the CJA in an immigration case court there that we cited on the not not a criminal case but it's an immigration case yes in in the in putting those four of the government's reply brief we cited a few examples of district courts doing that the the language is is general in the CJA and so courts have exercised their discretion even when there's been immigration detention at issue and on the second issue you've got 16 months detention and period on behalf of the government that there was no inclination necessarily to curtail that haven't we previously held that more than five months or other courts have also held more than five months makes it suspect I believe I I've I believe the language was five or six months something more than that makes a suspect yes so we got 16 months and so why do we not what's the argument against mr. bar yeah well a couple answers to that judge Ambrose one that we're not appealing the habeas petition so we're not re-evaluating the Airman Santos factors what we're doing is seeing if the the district court abuses discretion when looking at the record from the habeas litigation and then finding the government had zero basis in fact in law and the government to have been substantially justified needed only to have a basis in fact in law it didn't have to be justified to a high degree and that's a low bar that the government cleared here the in the record of the of the habeas litigation shows that the district judge found the most important Airman Santos factor to be concededly a close call and with the remaining three factors the parties split two of them and the other was neutral and it's unlikely there would be any close calls if the government had zero basis in fact in law as the district court that took over the case from the habeas judge found and the second thing when you mentioned just amber that this court in the past has found detention unreasonable and you know there were certain lengths of time at issue in those particular cases but what the court here essentially did was create a bright line rule saying anytime an individual has been detained for more than 12 months while the government is never substantially justified in opposing a habeas petition but that goes directly against this courts president airman Santos that explicitly declined to adopt a presumption of reasonless or unreasonableness of any duration thank you thanks see on rebuttal good afternoon mr. Sharon afternoon may it please the court will Sharon on behalf of appellees there are two important points in this case the first is that habeas is civil the Supreme Court has it time and again including in the years and months before EJ was enacted this court has also said it in the Tenth Circuit said it just last week in interpreting EJ the second important point is that the statute EJ applies to quote any civil action other than cases sounding in tort that means it applies to civil actions that aren't garden variety to use the government's term to proceedings that are technically civil despite some unique or hybrid features and to civil actions even if they don't follow all of the federal rules of civil procedure in other words EJ applies to any civil action besides torts and as the Supreme Court expressly said months before EJ was enacted quote habeas corpus is a civil action the government's contrary argument rests on a misapplication of the sovereign immunity canon but the government is really asking for is the exact magic words requirement that the Supreme Court has avowed over and over again in its sovereign immunity cases is habeas hybrid or words somehow straddles the line between criminal and civil even though it's in the civil portion of the federal code habeas is not hybrid the Supreme Court has said over and over and over again in countless cases that habeas is civil it's civil in nature it's a civil proceeding it's a civil suit it's a civil action the Supreme Court has said it over and over and it said it about statutes that use the phrase civil action judge McKee you asked earlier could Congress have excluded habeas in the same way it excluded torts from EJ Congress actually did that in the filing fee statute which says any civil action suit or proceeding except habeas Congress amended that statute in 1978 including that language right before enacting EJ in 1980 so Congress clearly knew how to exclude habeas from the phrase any civil action and it knew that it needed to if it wanted the phrase if it wanted habeas out from that phrase but it didn't do that in EJ do you recognize a difference or do you acknowledge a distinction between the civil habeas immigration context and criminal habeas we think purposes of EJ we think that for purposes of EJ the phrase any civil action encompasses all habeas we think that's the best reading of the Supreme Court's case law we think that's consistent with the history and with how habeas developed and came over as a as a facet of common law that being said we think the government's argument here this hybrid theory derives from the notion that habeas is a civil proceeding conceitedly a civil proceeding challenging a criminal detention but what about the criminal detention I think that was the point of the question then I'd like to answer that to do you think the same argument applies in the context of a criminal confinement we think the same argument does apply because any civil action still encompasses habeas and that is true whether the habeas proceeding is challenging a civil or criminal detention so then why can't you folks or lawyers in your position so to speak pursue CJA appointments to get attorneys fees so this is an argument the government raises for the first time in their reply brief and it's actually an unsettled question whether CJA counsel is even available in immigration detention proceedings when habeas petitioners challenge immigration detention I think the only circuit to have weighed in on this question is the 11th and it said no you can't get CJA counsel when you're a habeas petitioner challenging a civil immigration detention the cases the government sites again in their reply brief for the first time the government actually opposed CJA counsel in those cases and then I should say just as a general matter CJA counsel is discretionary so it's not as if people are just able to get CJA counsel and that you know makes Aegis sort of irrelevant all of this by the way is about statutory purpose and I don't think even if the government were right about its statutory purpose rationale that would somehow take habeas outside of Aegis plain text especially given the overwhelming Supreme Court precedent and the history I think I friend concede that Egypt or that habeas is labeled civil that's what any civil action captures that's what the word any does is it takes in proceedings that are labeled civil even if they have some unique or hybrid features and I think that's where my friend and I disagree but I think we have the better of the argument the problem that you have is you do have other circuits going the way the fourth and the fifth you have the Supreme Court in dicta the 1969 decision Harris v Nelson that says that labeling habeas as civil was quote gross and inexact close quote so obviously there's some antipathy out there and other circuits with presidential opinions that are calling your position based on text into question sure so I can start with the other circuits and we think they make the Sun and I should say this is just the Fourth Circuit by the way and the Fifth Circuit so they take the position that the government is adopting now but we think that it's wrong because it relies on the premise that habeas is sort of this category unto itself I think that's the phrase the Fourth Circuit uses and the phrase the government used today but the problem with that is that we know that phrase that statutes that cover civil action include habeas we know because the Supreme Court has said that the venue transfer provision which covers any civil action applies to habeas we know that the Supreme Court has issued numerous jurisdictional holdings on the basis that habeas is civil so it cannot be true that habeas is something else altogether or else none of those holdings would make sense none of those statutes would apply to habeas at all so I think what the government does in its brief and this is a sort of it depends on which page you look at but I think what they're actually saying is that okay yes habeas is technically civil we acknowledge that every court always has said it is at least technically civil but they say it doesn't necessarily fall within a job because a statute can use the phrase civil action and not necessarily intend to include the entire universe of civil actions the problem with that again is that he just has any civil action so that's Congress's effort to say don't misconstrue this statute for one of the statutes that includes a narrower subset of civil actions don't misconstrue this statute for the statute at issue in Schlanger and Stafford which included civil actions but was limited to mandamus like actions so where the Supreme Court said actually in Stafford it said even though habeas is civil we need to look at the legislative history of this particular statute to assess which civil actions it actually governs and so the court was saying that is this statute in Schlanger and Stafford encompasses a subset of civil actions if you ask the same question about EJA does EJA encompass a subset of civil actions or does it encompass the entire universe the question is obvious on the face of the statute it covers any civil action other than cases sounding in tort and again judge McKee to your point earlier Congress has excluded habeas from the statutory language any civil action it did that in the filing fee statute so it clearly knows I know we're not tied to legislative history at this point but for whatever it's worth DOJ came to Congress when Congress was considering enacting EJA and it said don't enact this statute this is going to be expensive and here's a breakdown of the cost and one of the costs the government cited was habeas petitions prisoner petitions so the government came to Congress and said this is going to cost you more money because it covers habeas and Congress said okay we understand that it's cited that point by the DOJ that cost estimate in its enacting this in enacting the statute and it said that's fine we're okay with incurring that cost and it did so anyway I'd like to take a moment if I may to address the government's sovereign immunity argument I have the Tenth Circuit reason last week in the decision in the parallel version of this case the traditional tools of statutory interpretation are not displaced by the sovereign immunity canon so you have to go through these tools you have to look at the text in context at the time it was written considering the history of the phrase civil action and the history of habeas and to an extent the purpose of the statute and determine whether after you've exhausted all of those tools there was any lingering ambiguity so the Supreme Court in Richland actually did this with EJA it said it said at the outset there was some ambiguity in a particular provision of EJA regarding paralegal fees so it goes through the statutory interpretive tools it asks about its precedent it acts it asks about the structure of the statute and to an extent it asks about the legislative history and it concludes even though there was originally ambiguity in the phrase after we've exhausted these tools that ambiguity is resolved and there's no need to quote resort to sovereign immunity canon and so the court doesn't and that's consistent with the Supreme Court sovereign immunity cases across the board and it's consistent with how the Tenth Circuit resolved this issue just last week. My friend also talked a little bit about Santana and I'd like to address that case just for a moment so Santana does what I think we're asking the court to do today which is say at the outset that habeas is civil Santana says it's technically civil and so it fits within the literal scope of the PLRA says civil action and so habeas fits within its literal scope then this court goes through a statutory interpretation analysis and asks is there a reason to think that Congress meant to include a narrower subset of civil actions that excludes habeas and it turns out there's actually really powerful evidence in the PLRA that that's exactly what Congress was doing so Judge McKee you mentioned the purpose of the PLRA but there's also the fact that it establishes an elaborate payment plan for filing fees as I think my noted the filing fee in a habeas case is $5 so it would make no sense to establish this elaborate payment installment plan for a $5 filing fee that's pretty good evidence that the PLRA doesn't apply to habeas even though habeas fits within its literal scope because it says civil action ask that same question about EJA and again you see no evidence like there was in the PLRA and instead you see the fact that the statute uses the phrase any civil action of course other than cases sounding in tort. The government mentioned briefly at this point about a custodial incentive and I'd like to address that for just a minute this is another argument that I don't think we see until the government's reply brief and one of the Tenth Circuit rejected for basically just that reason last week but even if the government were right about this custodial incentive purpose in EJA there is no evidence that it would override the plain text of the statute so the government can't use this sort of argument that maybe habeas doesn't further every purpose of EJA therefore it's excluded despite fitting within the plain text I don't think that's the correct way to do statutory interpretation in this case but I think it also overlooks the fact that EJA serves a deterrent purpose the Supreme Court has said that that's the flip side of creating an incentive to challenge other unjustified government conduct is to deter unjustified government conduct and the way you deter conduct through EJA is by allowing people to bring counsel petitions when the government's position is unjustified and to allow the prospect of attorneys fees to dissuade the government from taking unjustified positions in the first place. Finally to the extent the argument is that there's an incentive to bring the challenge already and therefore EJA need not apply that same point is true about other civil actions that nobody disputes EJA covers so for example Social Security Administration appeals somebody who loses before an ALJ on a social security claim has just lost effectively their ability to obtain their livelihood they have every incentive to appeal that to the district court but that doesn't somehow mean EJA doesn't apply because they have an independent incentive to bring the challenge and that's true of a lot of different types of civil actions EJA covers. If there are no more questions on the civil action point I can briefly address the substantial justification point. Please go ahead on the substantial justification. Sure so as the court noted at the outset the government detained Mr. Abiyoye for 16 and ultimately 18 months in abysmal conditions without even a hearing to determine whether his continued detention was necessary. The district judge did not abuse his discretion in awarding attorneys fees for litigating whether he could get a bond hearing and that last point I think is just important and worth emphasizing Mr. Abiyoye wasn't asking for release his habeas petition was not saying let me go it's been 18 months I need to be released he was asking can I get a hearing may I go before a judge who can assess whether I'm a flight risk or a risk to the community and the government's position the one that we're reviewing ultimately on abuse of discretion review was no no no you don't even get a hearing on whether you can be released and that's a little bit different from I think what may you know come through as him asking for release outright. When did where was the line crossed here from unreasonable to justified that failed to justify further confinement without a hearing? I wouldn't say that there is a clear point where the line was crossed I think I would look at this court's decision in Chavez Alvarez where it says the line was crossed somewhere between 6 and 12 months and it's interesting because Chavez Alvarez actually has a footnote where the court says even though the detention in that case ultimately was 18 months and the facts are very similar between this case and that one the court says in a footnote even though we could just say that the detention was 18 months and that's unreasonable we want to quote provide guidance to the AG and to district courts and so we're gonna specify with a little bit more clarity when the detention became unreasonable and it was between 6 and 8 months. In Herman Santos the court more recently says or reiterates I should say that a detention becomes more and more suspect after five months so I think we're well beyond sort of the realm where this would have been reasonable and this court doesn't need to say especially on abuse of discretion review that there was a particular line at a particular day and I see my time is up. The fact that the government either did not know or they clearly misstated the grounds the statute pursuant to which was being held does that move the Herman Santos line at all? I think Judge McKee that might be a reference to the 1226 and that one the government is not even contesting that their position was unjustified they're not appealing that issue so I think that does that answer your question? Kind of. It's a hybrid answer. That may be the best I can do but if there are no more questions we ask the court to affirm. Thank you. Thank you. Can I ask you to pick up with the the second issue? Did you say previously that you didn't think that the German Santos factors were in play here? Judge Ambrose they're not in play on this appeal the only relevance they have is is when we look at what the judge who adjudicated the habeas petition what that judge found when she evaluated the Herman Santos factors and she found that it was a close call. Of course here Mr. Abiyoye's detention you know was 16 months when the government contested his habeas petition and it was 18 months when the magistrate judge issued her habeas opinion but she found it to be a close call and again that suggests that the government had a basis in fact in law for its opposition. But the length of the detention was far more than the line that we say is at least suspect and the likelihood detention will continue appeared to be substantial. What were the reasons for the delay? Well the reasons why Mr. Abiyoye was in detention at the time is because while he had a final order of removal he was in testing. What were the reasons for the delay in having a bond hearing? Well under the the statute that Mr. Abiyoye was held under 8 U.S.C. 1226 C that does not allow the government to give him a bond hearing and so that's why he was being held without one it's detention without the possibility of bonds. But I just want to reiterate that this court in Herman Santos it explicitly declined to adopt the bright line presumption of reasonableness it said it's Chavez Alvarez said reasonableness is decided on a case-by-case basis and that's what the district judge did here she said under the facts of this case it's concededly a close call on the most important factors and the other factors went both ways. Even if it's a close case how does she come down? She came down on the side of the petitioner but just but under the substantial justification of case law just because the government loses on the merits that doesn't mean that it was not substantially justified in its litigation position. I do just want to address just a couple other points about the sovereign immunity issue. So what the government's proposing that the court does here is consistent with the Richland case. There's ambiguity here because the Supreme Court has said that the label civil is not enough to automatically include habeas petitions. In certain contexts it does but in this case what your basic you know you've got two circuits going one way two circuits going the other way and we're saying to you it looks like especially in this day and age which has changed dramatically in the last half century that you look at the literal text first and we're having problems getting beyond the literal text. Any civil action but for those sounding in tort. That's if I'm having a casual conversation with someone that's pretty easy to understand it doesn't appear that there's a whole lot of nuance in that declaration. Well when you you know examine the rest of the text it still does not resolve the ambiguity because the government respectfully disagrees that the word any solves the problem because again if habeas is not a civil action in the first place because it's this hybrid type of proceeding then any does not modify the phrase civil action to include habeas and with the tort exception by looking at the fact that Congress did not explicitly exclude habeas the way it did for torts. Well that's an inversion of the way the clear statement rule analysis supposed to work. The question is whether Congress explicitly included habeas not whether it excluded it. Thank you. Thank you. Thank all counsel for their arguments and their briefs.